## WOODWARD v. LOUISIANA HIGHWAY COMMISSION.

### No. 4538.

Court of Appeal of Louisiana, Second Circuit.
Jan. 3, 1934.

E. R. Stoker, of Baton Rouge, and Lewis L. Morgan, of New Orleans, for appellant.

Scarborough & Barham, of Ruston, for appellee.

DREW, Judge.

Plaintiff is the owner of the W. ½ of N. E. ¼, section 26, and S. ½ of S. E. ¼ of section 23, all in township 19 north; range 5 west, Lincoln parish, La. On September 3, 1931, he executed a right of way deed to the Louisiana highway commission for a strip of land 60 feet wide through this property, to be used in constructing a road known as Alabama Church route 115, state highway route No. 102. In said right of way deed the grantor waived and abandoned all claims for damages on account of the exercise of the privilege granted in the deed. The Louisiana highway commission exercised the privilege granted in the deed and constructed the road. Plaintiff alleges that, in constructing said road over his property, the contractors changed the natural course of the water from rainfall and spread coco grass over his land, and filled up a well, damaging him in the sum of $760.

Defendant denies it has damaged plaintiff in any sum or that it changed the natural course of the water from rainfall, and further alleged that, in the very deed granting to it the right of way, plaintiff waived all claims for damages and is now estopped to claim damages.

When plaintiff acquired the property above described, 16 years prior to this suit, the water falling on the left side of the road would in its natural course run to the left, and that falling on the right side of the road would in its natural course run to the right. On the right side of the road, plaintiff owned a wooded pasture, and, on the left side of the road, he owned cultivated land. Therefore, he constructed a small levee at a low place in the road and caused the water falling on the left side of the road to run across the road and through the wooded pasture, thereby preventing it from running in its natural course across the cultivated land. When the road was constructed by the Louisiana highway commission, the levee that had been constructed by plaintiff became a part of the roadbed, and from that time on the water falling on either side of the road took its natural course, and the water falling on the left side of the road ran across the cultivated land owned by plaintiff.

There is nothing unusual or out of the ordinary in the manner in which the road was constructed, nor did the road in any manner change the natural water course. When plaintiff signed the right of way deed, it is at least presumed that he knew that the levee he had constructed would become part of the roadbed, and the water from that time on would take its natural course and flow across his field.

The courts cannot make contracts for individuals. We can only enforce them. Therefore, when plaintiff waived all damages caused by the construction of this highway through his property in the very deed which he executed granting that privilege to the highway commission, he estopped himself to claim damages because the highway commission exercised the privilege he granted it. In said right of way deed, we find the following clause: "If necessary to fill grantor's well near station 290, a new well will be dug by and at the expense of grantee."

784

■ This was the only reservation as to damage made by plaintiff. The well was filled, or at least partly filled, and ruined. Plaintiff claims it will cost him $35 to dig and curb another well. He is entitled to recover this amount. Defendant contends that it does not owe for the digging and curbing of another well for the reason that it offered to do this and the offer was refused. That is true, but the reason for the refusal of the offer was due to plaintiff having been informed by an employee of the Louisiana highway commission that he would secure $200 for him and let him construct all levees, dig a new well, etc. It was an attempt to compromise the claim of damage made by plaintiff, and the engineer was without authority in law.

Plaintiff was clearly misled by the action of defendant's employee in this respect. While we think plaintiff is estopped from claiming damage other than for the well, we find from the evidence that he has failed to establish his claim for coco grass being put upon his land. The damage from water was only to a very few acres of his land.

It therefore follows that the judgment of the lower court will have to be amended by reducing same, from an award of $300 in favor of plaintiff, to $35, and, as amended, the judgment of the lower court is affirmed; cost of appeal to be paid by appellee.